{¶ 71} I concur in the majority's well written and well reasoned analysis and disposition of appellant's first and second assignments of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's third assignment of error.
 {¶ 72} The majority concludes the terms of the policy are clear and unambiguous and required actions by Howell, and the policy states, a person seeking coverage, "who is Howell in this circumstance," must send copies of any notices or legal papers received in connection with the accident or loss. (Maj. Op. at para. 68). The majority narrowly limits "A person seeking any coverage" to be Howell himself. Had appellee so intended it could/would have specified in this section "An insured seeking any coverage." But by expanding the scope of who is seeking coverage to "A person seeking any coverage," it seems clear, appellant, not just Howell, may satisfy the duties set forth in Part E of the policy.
 {¶ 73} I would sustain appellant's third assignment of error and direct the trial court to determine whether appellant complied with Part E of the policy, and not just whether only Howell has failed to comply therewith. If appellant is determined to have complied with Part E, the prejudice analysis would become unnecessary.